**Affirmed as Modified; Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01319-CR
No. 05-15-01320-CR

**MICHAEL DEWAYNE ANTHONY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-18562-T, F14-76602-T**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

Michael Dewayne Anthony appeals his convictions for assault on a public servant and robbery. In three issues, appellant contends he did not receive effective assistance of counsel and the trial court's judgments should be modified to show there was no plea agreement in either case. We modify the trial court's judgments and affirm as modified.

BACKGROUND

Appellant waived a jury, pleaded guilty to assault on a public servant and robbery, and pleaded true to two enhancement paragraphs. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(1), 29.02(a)(a) (West 2011 & Supp. 2015). During the punishment phase, appellant testified about the offenses and his criminal history. Appellant testified he rejected the prosecutor's plea offer of three years' imprisonment because he wanted to enter an open guilty plea and ask the trial

court for probation. The trial court found appellant guilty of assault on a public servant and robbery, found the enhancement paragraphs true, and sentenced appellant to twenty-five years' imprisonment in each case.

## INEFFECTIVE COUNSEL

In his first issue, appellant contends he did not receive effective assistance of counsel because counsel failed to investigate the fact that he had been unsuccessful on a previous probation. Because of counsel's ineffectiveness, argues appellant, he was induced to initially fail to disclose a prior unsuccessful probation, causing the trial court to reject his request for probation. Appellant asserts that there is a reasonable probability that the disposition of these cases would have been different had counsel known his probation history.

To show ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694 (1984). This standard of proof of ineffective assistance applies to the punishment phase as well as to the trial stage of criminal proceedings. *Hernandez v. State,* 988 S.W.2d 770, 771–72 (Tex. Crim. App. 1999).

Evaluations of effectiveness are based on "the totality of the representation." *Frangias v. State,* 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). Allegations of ineffectiveness must be firmly established by the record. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). It is an appellant's burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must satisfy both prongs of the *Strickland* test, or the claim of ineffective assistance will fail. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim is usually undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see also Mallett,* 65 S.W.3d at 63. In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Id.* If that opportunity has not been provided, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue "was so outrageous that no competent attorney would have engaged in it." *See Garcia*, 57 S.W.3d at 440.

Although appellant filed a motion for new trial in each case, he did not assert his counsel had been ineffective. Accordingly, trial counsel did not have an opportunity to explain herself in the trial court and we cannot determine from this record counsel's strategy conducting appellant's defense. *See Menefield v. State,* 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed*, 187 S.W.3d at 392. Because there is no evidence in the record concerning trial counsel's actions, appellant has not overcome the strong presumption of reasonable assistance and has not established trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 440.

Further, on this record, appellant has failed to establish he was prejudiced by the alleged error. Appellant testified he understood a twenty-five-year sentence would be the minimum sentence the trial court could assess due to his pleas of true to the two enhancement paragraphs alleging prior felony convictions. Appellant stated he wanted to take a chance that the trial court would grant him probation instead of prison, and he acknowledged he did not follow counsel's advice not to enter open pleas of guilty.

We conclude appellant has not met his burden of showing that trial counsel was ineffective. *See Thompson*, 9 S.W.3d at 812. We overrule appellant's first issue.

MODIFY JUDGMENTS

In appellant's second and third issues, he contends the trial court's judgments should be modified to show there was no plea bargain agreement in either case. Because the record clearly shows appellant entered open guilty pleas to the charges in the indictments, we sustain his second and third issues.

We also note the judgments erroneously recite the pleas and findings on the two enhancement paragraphs as "N/A." Accordingly, we modify each judgment as follows: the section entitled "terms of plea bargain" is modified to show "open," the section entitled "plea to 1st enhancement paragraph" is modified to show "true," the section entitled "findings on 1st enhancement paragraph" is modified to show "true," the section entitled "plea to 2nd enhancement/habitual paragraph" is modified to show "true," and the section entitled "findings on 2nd enhancement/habitual paragraph" is modified to show "true." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151319F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DEWAYNE ANTHONY, Appellant

No. 05-15-01319-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-18562-T.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

Add section "Plea to 1st Enhancement Paragraph: True."

Add section "Plea to 2nd Enhancement/Habitual Paragraph: True."

Add section "Findings on 1st Enhancement Paragraph: True."

Add section "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 28th day of June, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL DEWAYNE ANTHONY, Appellant

No. 05-15-01320-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-76602-T.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

Add section "Plea to 1st Enhancement Paragraph: True."

Add section "Plea to 2nd Enhancement/Habitual Paragraph: True."

Add section "Findings on 1st Enhancement Paragraph: True."

Add section "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 28th day of June, 2016.